United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, et al., | Case No. 26-cv-00759-TLT |
| Plaintiffs, | **QUESTIONS FOR MARCH 31, 2026 HEARING** |
| v. | Re: Dkt. Nos. 24, 26 |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

I.     **VENUE**

1.     **To both parties:** Please provide the case name, case number, and status of all federal cases related to this action, namely: Colorado, Illinois, Minnesota, New York, and the District of Columbia, if any.

2.     **To both parties**: "Section 1404(a) permits transfer only to a district "where [the action] might have been brought." *Barton v. Procter & Gamble Co.*, No. 24-cv-1332, 2025 WL 3558932, at *3 (S.D. Cal. Dec. 11, 2025) (quoting 28 U.S.C. § 1404(a)).  Do the parties concede that Plaintiffs could have brought their claims in the District of Columbia?

3.     **To both parties:**  The Court must consider the following factors in determining whether venue is proper in the Northern District of California or the District of Columbia: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.  *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. 99-cv-4787, 2000 WL 246599, at *2 (N.D. Cal., March 1, 2000). Please address whether, if at

all, *each* factor justifies transfer of venue.  In answering this question, please provide citations to the record, as well as to binding and persuasive caselaw.

## II.     LIKELIHOOD OF SUCCESS OF PLAINIFFS' APA CLAIMS

1.     **To both parties**: Defendants argue that the government may require the Targeted States to submit additional documentation in order to receive funding.  ECF 37 at 19.  Please address whether how, if at all, the CCDF, TANF, and SSBG statutes allow Defendant to condition funds on receipt of documentation.  In answering this question, please provide citations to binding or persuasive caselaw.

2.     **To both parties**: "The APA's arbitrary-and-capricious standard requires that agency action be reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).  Please address whether, if at all, Defendants provided a reasonable and reasonably explained explanation for the funding freeze. In answering this question, please provide citations to binding or persuasive caselaw.

a.     **To both parties**: With the current briefing in mind and corollary arguments in related cases, discuss whether the agency defendants' decision-making processes considered, ignored, or disregarded the states' reliance interests in the already obligated federal financial assistance.

The parties are ordered to provide written responses to the Court's questions by March 27, 2026.  Responses shall not exceed 5 pages.

Additional questions may be provided to the parties prior to the hearing.

IT IS SO ORDERED.

Dated: March 25, 2026

TRINA L. THOMPSON
United States District Judge